IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-01918-WDM-BNB

CARTIER, et al.,

    Plaintiffs,

v.

CARTIER SEDAN SERVICE, LLC, et al.,

    Defendants.

## CONSENT DECREE AND ORDER

Miller, J.

    This matter is before me on Plaintiff's motion for final judgment on consent, filed December 4, 2006. The parties have agreed to settle this case and have stipulated to the entry of an order substantially identical to the proposed order attached as exhibit 1 to Plaintiff's motion. Having reviewed the pertinent portions of the record in this case, including the motion and stipulated decree, I conclude that the terms of the consent decree are appropriate, as modified below.

    As used below, the following definitions shall apply:

1.    "Cartier Trademark" shall mean the word mark CARTIER.

2.    "Cartier Registrations" shall mean U.S. Trademark Registrations No. 759,201 of October 29, 1963, for the word mark CARTIER for watches and clocks and No. 1,442,003 of June 9, 1987 for the CARTIER Trademark for interiors of automobiles.

    In addition, the parties have included the following factual findings in their proposed order. I will accept, without finding, these facts as stipulated by the parties:

Plaintiff Cartier International, N.V. is the owner of the Cartier Trademark and the Cartier Registrations. The Cartier Registrations are valid and subsisting, is in full force and effect and have become incontestable and the trademark thereof and the goodwill of Plaintiff Cartier International, N.V. in connection with which this trademark is used are valid and have never been abandoned.

Accordingly, it is ordered:

1. Defendants are permanently enjoined and restrained, directly or indirectly:

    a. From using in any manner the Cartier Trademark or any mark similar thereto whether alone or in part of any other phrase in connection with the sale, offer for sale, advertisement or distribution of any goods or services not authorized by Plaintiffs;

    b. From using any logo, trade dress, trade name, trademark or service mark, that may be calculated to falsely represent or which has the effect of falsely representing that the services or products of Defendants or third parties are sponsored by, authorized by, or in any way associated with Plaintiffs;

    c. From representing, suggesting in any fashion to any third party, or performing any act which may give rise to the belief that Defendants, or any of their services are in any way authorized by Cartier;

    d. From infringing upon or diluting the Cartier Trademark; and

    e. From otherwise competing unfairly with Plaintiffs in any manner.

2. Within sixty (60) days, Defendants shall change or recall any listings of their business under their current trade name that uses the name Cartier and change

their trade name to a new name without using Catier, in or under any of the following:

    a.    the name of their business organization as registered with the Colorado Secretary of State and any other governmental agency under which their trade name is listed;

    b.    any business listings under any phone directory, internet directory, trade listings, tourist listings, listing at hotels, airports or other businesses;

    c.    any advertisements in any media whatsoever, including magazines, trade publications, periodicals, tourist-directed advertisements and on the internet; and

    d.    any internet domain names.

3. This Judgment shall be deemed to have been served upon Defendants at the time of its execution by the Court.

4. This case is administratively closed pursuant to Local Rule 41.2, but may be reopened for good cause on or before April 1, 2007. If not, the case will be permanently closed without further notice.

DATED at Denver, Colorado, on December 14, 2006.

                                        BY THE COURT:

                                        s/ Walker D. Miller
                                        United States District Judge